**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MEYERS DIVISION**

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

      Plaintiff,

v.                                                          Case No. _____

OUR LADY OF GUADALUPE
SEMINARY, INC., ST. MICHAEL'S
MEDIA, INC., and JANE HANNA,
Personal Representative of the ESTATE
OF JOHN W. CAZALET,

      Defendants.

_____/

## COMPLAINT FOR INTERPLEADER

Pursuant to 28 U.S.C. § 1335 and Rule 22 of the Federal Rules of Civil Procedure, Plaintiff The Lincoln National Life Insurance Company ("Lincoln"), for its Complaint for Interpleader, alleges and says as follows:

## PARTIES

1.    Lincoln is an insurance company existing under the laws of the state of Indiana with its principal place of business in Radnor, Pennsylvania.

2.    Defendant Our Lady of Guadalupe Seminary, Inc. (the "Seminary") is a Nebraska nonprofit corporation with its principal office located in Denton, Nebraska.

3.    Defendant St. Michael's Media, Inc. ("St. Michael's") is a Michigan nonprofit corporation with its principal office located in Ferndale, Michigan.

1

4.      Pursuant to 28 U.S.C. § 1332(c)(2), Defendant Jane Hanna, Personal Representative of the Estate of John W. Cazalet (the "Estate"), is deemed a citizen of the same state as the decedent John W. Cazalet (the "Decedent"), who was a citizen of Charlotte County, Florida at the time of his death.

5.      In this Complaint for Interpleader, the Seminary, St. Michael's, and the Estate are referred to collectively as "Claimants."

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1335 because this is an interpleader action in which two or more diverse claimants are claiming to be entitled to money of more than $500.00.

7.      This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because this is an action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

8.      This Court has personal jurisdiction over Claimants pursuant to Federal Rule of Civil Procedure 4(k)(1)(C) and 28 U.S.C. § 2361, which authorizes nationwide service of process in this action, and the exercise of personal jurisdiction over Claimants comports with due process.

9.      This Court also has personal jurisdiction over Claimants under Fla. Stat. § 48.193 because Claimants are seeking to recover proceeds available under an annuity contract issued to the Decedent in Florida, and the exercise of due process over Claimants comports with due process because each has sufficient minimum contacts

with the State of Florida such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice.

10.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) because the Estate, one of the Claimants, is a citizen of Charlotte County, Florida, which is located in the Middle District of Florida, Fort Meyers Division.

## CLAIM FOR INTERPLEADER

11.    Lincoln brings this action for interpleader relating to a fixed indexed annuity contract bearing contract number 35-7347726 issued by Lincoln to Decedent on July 2, 2021 (the "Lincoln Annuity"). A redacted specimen copy of the Lincoln Annuity is attached as **Exhibit 1**.

12.    On the Fixed/Indexed Annuity Application dated June 28, 2021, Decedent designated "St. Michael Media / Church Militant" and "FSSP Seminary (Our Lady of Guadalupe Seminary)" as co-primary beneficiaries of the Lincoln Annuity in equal 50% shares. A redacted copy of the annuity application is attached as **Exhibit 2**.

13.    By Change of Beneficiary – Annuities form dated August 15, 2025, Decedent designated "FSSP Seminary Our Lady of Guadalupe Seminary" as the sole primary beneficiary and no contingent beneficiaries. A redacted copy of the Change of Beneficiary – Annuities form is attached as **Exhibit 3**.

14.    Decedent died on November 4, 2025, at which time the proceeds on the Lincoln Annuity (the "Annuity Proceeds") became payable to the proper beneficiaries and/or assignees. As of May 18, 2026, the Annuity Proceeds total $321,746.18. A redacted copy of the Certification of Death is attached as **Exhibit 4.**

15.    By letter dated December 11, 2025, an attorney for the Estate advised Lincoln that it has "substantial concerns regarding the validity of [the beneficiary] change," noting that "[a]t the time the update was allegedly made, the decedent was suffering from advanced cancer, including likely cancer of the brain, and was exhibiting erratic behavior and impaired decision-making." Accordingly, the Estate believed that "the beneficiary change may have been made in error or at a time when the decedent lacked the requisite capacity to understand or authorize such a modification." A redacted copy of this letter is attached as **Exhibit 5**.

16.    By e-mail on April 21, 2026, the Seminary "request[ed] that the funds be released to [it] or that [Lincoln] file an interpleader to see the matter resolved." A redacted copy of this email is attached as **Exhibit 6**.

17.    If the beneficiary change dated August 15, 2025, was valid, then the Seminary is entitled to 100% of the Annuity Proceeds. If the beneficiary change dated August 15, 2025, was not valid, then the Annuity Proceeds would be split 50% to the Seminary and 50% to St. Michael's.

18.    In light of the potential adverse claims from Claimants and the associated factual issues involved, Lincoln cannot determine the proper beneficiary(ies) of the Annuity Proceeds without risking exposure to double liability. *See Primerica Life Ins.*

*Co. v. Pedrogo*, No. 8:25-cv-02127-SDM-AEP, 2025 WL 3078295, at *1 (M.D. Fla. Nov. 4, 2025) ("Interpleader is available to resolve the competing claims and to protect the stakeholder.").

19.    As a mere stakeholder, Lincoln has no interest in the Annuity Proceeds (except to recover attorneys' fees and costs associated with this action). Lincoln, therefore, respectfully requests that this Court determine to whom the Annuity Proceeds should be paid.

20.    Lincoln will deposit into the registry of the Court the Annuity Proceeds upon issuance of an order authorizing such payment pursuant to Rule 67 of the Federal Rules of Civil Procedure.

WHEREFORE, Lincoln prays for judgment as follows:

(a)    That Claimants be ordered to interplead and settle among themselves their respective claims to the Annuity Proceeds;

(b)    That Lincoln be permitted to pay the Annuity Proceeds into the registry of the Court;

(c)    That Claimants each be restrained from initiating any other action or proceeding in any state or federal court against Lincoln for recovery of the Annuity Proceeds or any part thereof;

(d)    That Lincoln be found to have no further liability beyond having the Annuity Proceeds deposited into the registry of this Court;

(e)    That Lincoln be discharged and dismissed with prejudice from this case; and

(f)     That the Court award such other and further relief, including attorneys' fees and costs, to which Lincoln is entitled in law or equity, as this Court deems just and proper.

Dated: May 27, 2026

Respectfully submitted,

*/s/Brett M. Wilson*

Brett M. Wilson (FL Bar No. 1059594)
BRADLEY ARANT BOULT CUMMINGS LLP
1001 Water Street, Suite 1000
Tampa, Florida 33602-5468
T:  (813) 559-5500 | F:  (813) 229-5946
Primary Email:  bwilson@bradley.com
Secondary Email:  mphilippe@bradley.com